Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Cody Alexander Bolce, Esq. (S.B. #322725)
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: cab@colevannote.com
Web: www.colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Class(es)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JANETTA OSBORNE, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

MCG HEALTH, LLC and PRIME HEALTHCARE SERVICES, INC. dba CENTINELA HOSPITAL MEDICAL CENTER,

Defendants.

Case No.

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**

1. **NEGLIGENCE;**
2. **CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CAL. CIV. CODE §56);**
3. **INVASION OF PRIVACY;**
4. **BREACH OF IMPLIED CONTRACT;**
5. **UNFAIR BUSINESS PRACTICES;**
6. **UNJUST ENRICHMENT**

**[JURY TRIAL DEMANDED]**

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-1-

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.      Representative Plaintiff Janetta Osborne ("Representative Plaintiff") brings this class action against Defendant MCG Health, LLC ("MCG") and Defendant Centinela Hospital Medical Center ("CHMC") (collectively "Defendants") for their failure to properly secure and safeguard Representative Plaintiff's and Class Members' personally identifiable information stored within Defendants' information network, including, without limitation, medical codes (this types of information, *inter alia*, being hereafter referred to, collectively, as "personal health information" or "PHI"),[1] names, Social Security numbers, postal addresses, telephone numbers, email addresses, dates of birth, and gender, (these latter types of information, *inter alia*, being hereafter referred to, collectively, as "personally identifiable information" or "PII").[2]

2.      With this action, Representative Plaintiff seeks to hold Defendants responsible for the harms they caused and will continue to cause Representative Plaintiff and the countless other similarly situated persons in the massive and preventable cyberattack discovered by Defendant MCG on March 25, 2022, by which cybercriminals infiltrated Defendant  MCG's inadequately protected network servers and accessed highly sensitive PHI/PII and financial information which was being kept unprotected (the "Data Breach").

3.      Representative Plaintiff further seeks to hold Defendants responsible for not ensuring that the PHI/PII was maintained in a manner consistent with industry, the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") Privacy Rule (45 CFR, Parts 160

---

[1]    Personal health information ("PHI") is a category of information that refers to an individual's medical records and history, which is protected under the Health Insurance Portability and Accountability Act. *Inter alia*, PHI includes test results, procedure descriptions, diagnoses, personal or family medical histories and data points applied to a set of demographic information for a particular patient.

[2]    Personally identifiable information ("PII") generally incorporates information that can be used to   distinguish or trace an individual's identity, either alone or when combined with other personal or  identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its  face expressly identifies an individual. PII also is generally defined to include certain identifiers  that do not on its face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  and 164(A) and (E)), the HIPPA Security Rule (45 CFR, Parts 160 and 164(A) and (C)), and other

2  relevant standards.

3       4.      While Defendants claim to have discovered the breach as early as March 25, 2022,

4  Defendants did not begin informing victims of the Data Breach until June 2022. Indeed,

5  Defendants did not immediately report the security incident to Representative Plaintiff or Class

6  Members. Accordingly, Representative Plaintiff and Class Members were wholly unaware of the

7  Data Breach until she/they received letter(s) from Defendant MCG informing them of it. In

8  particular, the letter Representative Plaintiff received was dated June 20, 2022.

9       5.      Defendant CHMC acquired, collected, and stored Representative Plaintiff's and

10 Class Members' PHI/PII and/or financial information in connection with its provision of

11 healthcare services. MCG acquired, collected, and stored Representative Plaintiff's and Class

12 Members' PHI/PII and/or financial information in connection with its provision of patient

13 healthcare guidelines to healthcare providers and healthcare plans, including CHMC. Therefore,

14 at all relevant times, Defendants knew, or should have known, that Representative Plaintiff and

15 Class Members would use Defendants' networks to store and/or share sensitive data, including

16 highly confidential PHI/PII.

17      6.      HIPAA establishes national minimum standards for the protection of individuals'

18 medical records and other personal health information. HIPAA, generally, applies to health

19 plans/insurers, health care clearinghouses, and those health care providers that conduct certain

20 health care transactions electronically, and sets minimum standards for Defendants' maintenance

21 of Representative Plaintiff's and Class Members' PHI/PII. More specifically, HIPAA requires

22 appropriate safeguards be maintained by organizations such as Defendants to protect the privacy

23 of personal health information and sets limits and conditions on the uses and disclosures that may

24 be made of such information without customer/patient authorization. HIPAA also establishes a

25 series of rights over Representative Plaintiff's and Class Members' PHI/PII, including rights to

26 examine and obtain copies of their health records, and to request corrections thereto.

27      7.      Additionally, the HIPAA Security Rule establishes national standards to protect

28 individuals' electronic personal health information that is created, received, used, or maintained

-3-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

by a covered entity. The HIPAA Security Rule requires appropriate administrative, physical, and technical safeguards to ensure the confidentiality, integrity, and security of electronic protected health information.

8.      By obtaining, collecting, using, and deriving a benefit from Representative Plaintiff's and Class Members' PHI/PII, Defendants assumed legal and equitable duties to those individuals. These duties arise from HIPAA and other state and federal statutes and regulations as well as common law principles. Representative Plaintiff does not bring claims in this action for direct violations of HIPAA, but charges Defendants with various legal violations merely predicated upon the duties set forth in HIPAA.

9.      Defendants disregarded the rights of Representative Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiff's and Class Members' PHI/PII was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies, and procedures regarding the encryption of data, even for internal use. As a result, the PHI/PII of Representative Plaintiff and Class Members was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they are entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

10.      Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one other Class Member is a citizen of a state different from Defendants.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-4-

11.     Supplemental jurisdiction to adjudicate issues pertaining to California state law is proper in this Court under 28 U.S.C. §1367.

12.     Defendants routinely conduct business in California, have sufficient minimum contacts in California and have intentionally availed themselves of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within California. CHMC is domiciled in this judicial district and MCG has directed its activity towards this state and judicial district such that it has sufficient minimum contacts to support an exercise of jurisdiction by this Court.

13.     Venue is proper in this Court under 28 U.S.C. § 1391 because the events that gave rise to Representative Plaintiff's claims took place within the Central District of California, and Defendants do business in this Judicial District.

## **PLAINTIFF**

14.     Representative Plaintiff is an adult individual and, at all relevant times herein, a resident of the State of California. Representative Plaintiff is a victim of the Data Breach.

15.     Representative Plaintiff provided highly sensitive medical and financial information to CHMC in connection with her receipt of healthcare services therefrom. CHMC further provided this information to MCG in connection with MCG's provision of patient guidelines to CHMC. As a result, Representative Plaintiff's information was among the data accessed by an unauthorized third-party in the Data Breach.

16.     Representative Plaintiff received—and was a "consumer" for purposes of obtaining—medical care from Defendants within the State of California.

17.     At all times herein relevant, Representative Plaintiff is and was a member of each of the Classes.

18.     As required in order to obtain services from Defendant CHMC, Representative Plaintiff provided Defendant CHMC with highly sensitive personal, financial, health, and insurance information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-5-

19.     Representative Plaintiff's PHI/PII was exposed in the Data Breach because Defendants stored and/or shared Representative Plaintiff's PHI/PII and financial information. Her PHI/PII and financial information was within the possession and control of Defendants at the time of the Data Breach.

20.     Representative Plaintiff received a letter from MCG, dated June 20, 2022, informing her that her PHI/PII and/or financial information was involved in the Data Breach (the "Notice").

21.     As a result, Representative Plaintiff spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring her accounts, and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

22.     Representative Plaintiff suffered actual injury in the form of damages to and diminution in the value of her PHI/PII—a form of intangible property that she entrusted to Defendant, which was compromised in and as a result of the Data Breach.

23.     Representative Plaintiff suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of her privacy, as well as anxiety over the impact of cybercriminals accessing and using her PHI/PII and/or financial information.

24.     Representative Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from her PHI/PII and financial information, in combination with her name, being placed in the hands of unauthorized third-parties/criminals.

25.     Representative Plaintiff has a continuing interest in ensuring that her PHI/PII and financial information, which, upon information and belief, remains backed up in Defendants' possession, is protected and safeguarded from future breaches.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**DEFENDANT**

26.     Defendant MCG is a Washington Corporation with a principal place of business located at 901 5th Avenue, Suite 120, Seattle, Washington, 98164.

27.     MCG "provides unbiased clinical guidance that gives healthcare organizations confidence in their patient-centered care decisions."[3] According to the notice it sent Representative Plaintiff, MCG was providing these services to CHMC.

28.     Prime Healthcare Services, Inc. is a Delaware corporation with a principal place of business located at 3480 E. Guasti Road, Ontario, CA 91761. It operates 45 hospitals in 14 states and employs a staff of approximately 50,000 (including physicians).[4] Among the hospitals it operates is CHMC, located at 555 E Hardy Street, Inglewood, CA 90301. CHMC operates one of the busiest emergency rooms in Los Angeles County, seeing over 60,000 patients per year.[5]

29.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Representative Plaintiff. Representative Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

**CLASS ACTION ALLEGATIONS**

30.     Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and the following classes/subclass(es) (collectively, the "Class"):

> **Nationwide Class:**
> "All individuals within the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach discovered on March 25, 2022."

---

[3] See https://www.mcg.com/about/company-overview/ (last accessed July 5, 2022).
[4] See https://www.primehealthcare.com/documents/Prime-Healthcare-Facts.pdf (last accessed July 5, 2022)
[5] See https://www.centinelamed.com/about-us/ (last accessed July 5, 2022).

-7-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

**California Subclass:**
"All individuals within the State of California whose PII/PHI was stored by Defendants and/or was exposed to unauthorized third parties as a result of the data breach discovered on March 25, 2022."

31. Excluded from the Classes are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as its immediate family members.

32. Also, in the alternative, Representative Plaintiff requests additional Subclasses as necessary based on the types of PII/PHI that were compromised.

33. Representative Plaintiff reserves the right to amend the above definition or to propose subclasses in subsequent pleadings and motions for class certification.

34. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable.

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is in the millions of individuals. Membership in the classes will be determined by analysis of Defendants' records.

b. Commonality: Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1) Whether Defendants had a legal duty to Representative Plaintiff and the Classes to exercise due care in collecting, storing, using and/or safeguarding their PII/PHI;

2) Whether Defendants knew or should have known of the susceptibility of their data security systems to a data breach;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-8-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

3)      Whether Defendants' security procedures and practices to protect their systems were reasonable in light of the measures recommended by data security experts;

4)      Whether Defendants' failure to implement adequate data security measures allowed the Data Breach to occur;

5)      Whether Defendants failed to comply with their own policies and applicable laws, regulations, and industry standards relating to data security;

6)      Whether Defendants adequately, promptly, and accurately informed Representative Plaintiff and Class Members that their PII/PHI had been compromised;

7)      How and when Defendants actually learned of the Data Breach;

8)      Whether Defendants' conduct, including their failure to act, resulted in or was the proximate cause of the breach of their systems, resulting in the loss of the PII/PHI of Representative Plaintiff and Class Members;

9)      Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

10)     Whether Defendants engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PII/PHI of Representative Plaintiff and Class Members;

11)     Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendants' wrongful conduct;

12)     Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendants' wrongful conduct.

c.      Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiff Classes. Representative Plaintiff and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

d.      Adequacy of Representation: Representative Plaintiff in this class action is adequate representative of each of the Plaintiff Classes in that Representative Plaintiff has the same interest in the litigation of this case as the Class Members, are committed to vigorous prosecution of this case and have retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the classes in its entirety. Representative Plaintiff anticipates no management difficulties in this litigation.

e.      Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

or be required to be brought, by each individual member of the Plaintiff classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

35.     This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class(es) in its/their entirety. Defendants' policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies and practices hinges on Defendants' conduct with respect to the Class(es) in its/their entirety, not on facts or law applicable only to Representative Plaintiff.

36.     Unless a Class-wide injunction is issued, Defendants may continue in their failure to properly secure the PHI/PII and/or financial information of Class Members, and Defendants may continue to act unlawfully as set forth in this Complaint.

37.     Further, Defendants have acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## COMMON FACTUAL ALLEGATIONS

### The Cyberattack

38.     In the course of the Data Breach, one or more unauthorized third-parties accessed Class Members' sensitive data including, but not limited to names, Social Security numbers, medical codes, postal addresses, telephone numbers, email addresses, dates of birth and gender. Representative Plaintiff was among the individuals whose data was accessed in the Data Breach.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

39.     According to the Data Breach Notification, which MCG filed with Office of the Maine Attorney General, 1,100,000 persons were affected by the Data Breach.[6] According to this notice, MCG is HIPAA business associate.

40.     Representative Plaintiff was provided the information detailed above upon her receipt of a letter from MCG, dated June 20, 2022. She was not aware of the Data Breach—or even that Defendant MCG was in possession of her data until receiving that letter.

**Defendants' Failed Response to the Breach**

41.     Not until roughly three months after MCG claims to have discovered the Data Breach did Defendants begin sending the Notice to persons whose PHI/PII and/or financial information Defendants confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendants' recommended next steps. The Notice urges victims to "remain vigilant by reviewing your account statements and monitoring your free credit reports." It also provides information about requesting a free credit report.

42.     The Notice included, *inter alia*, the claims that Defendant MCG had learned of the Data Breach on March 25, 2022, had taken steps to respond, and was continuing to investigate. It claimed that took measures to contain the attack and engaged cyber security firms to aid its investigation.

43.     Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiff's and Class Members' PHI/PII and financial information with the intent of engaging in misuse of the PHI/PII and financial information, including marketing and selling Representative Plaintiff's and Class Members' PHI/PII.

44.     Defendants had and continue to have obligations created by HIPAA, the California Confidentiality of Medical Information Act ("CMIA"), reasonable industry standards, common law, state statutory law, and their own assurances and representations to keep Representative

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

---

[6]     https://apps.web.maine.gov/online/aeviewer/ME/40/81ae0699-2e1f-436e-801d-6d1bbb76416f.shtml (last accessed July 5, 2022).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1 │ Plaintiff's and Class Members' PHI/PII confidential and to protect such PHI/PII from unauthorized

2 │ access.

3 │      45.     Representative Plaintiff and Class Members were required to provide their PHI/PII

4 │ and financial information to Defendants with the reasonable expectation and mutual understanding

5 │ that Defendants should comply with their obligations to keep such information confidential and

6 │ secure from unauthorized access.

7 │      46.     Despite this, Representative Plaintiff and the Class Members remain, even today,

8 │ in the dark regarding what particular data was stolen, the particular malware used, and what steps

9 │ are being taken, if any, to secure their PHI/PII and financial information going forward.

10 │ Representative Plaintiff and Class Members are left to speculate as to the full impact of the Data

11 │ Breach and how exactly Defendants intend to enhance their information security systems and

12 │ monitoring capabilities so as to prevent further breaches.

13 │      47.     Representative Plaintiff's and Class Members' PHI/PII and financial information

14 │ may end up for sale on the dark web, or simply fall into the hands of companies that will use the

15 │ detailed PHI/PII and financial information for targeted marketing without the approval of

16 │ Representative Plaintiff and/or Class Members. Either way, unauthorized individuals can now

17 │ easily access the PHI/PII and/or financial information of Representative Plaintiff and Class

18 │ Members.

19 │

20 │ **Defendants Collected/Stored Class Members' PHI/PII and Financial Information**

21 │      48.     Defendants acquired, collected, and stored and assured reasonable security over

22 │ Representative Plaintiff's and Class Members' PHI/PII and financial information.

23 │      49.     As a condition of their relationships with Representative Plaintiff and Class

24 │ Members, Defendants required that Representative Plaintiff and Class Members entrust

25 │ Defendants with highly sensitive and confidential PHI/PII and financial information. Defendants,

26 │ in turn, stored that information on MCG's system that was ultimately affected by the Data Breach.

27 │      50.     By obtaining, collecting, and storing Representative Plaintiff's and Class Members'

28 │ PHI/PII and financial information, Defendants assumed legal and equitable duties and knew or

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

should have known that they were thereafter responsible for protecting Representative Plaintiff's and Class Members' PHI/PII and financial information from unauthorized disclosure.

51.     Representative Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PHI/PII and financial information. Representative Plaintiff and Class Members relied on Defendants to keep their PHI/PII and financial information confidential and securely maintained, to use this information for business and healthcare purposes only, and to make only authorized disclosures of this information.

52.     Defendants could have prevented the Data Breach by properly securing and encrypting and/or more securely encrypting their servers generally, as well as Representative Plaintiff's and Class Members' PHI/PII and financial information.

53.     Defendants' negligence in safeguarding Representative Plaintiff's and Class Members' PHI/PII and financial information is exacerbated by repeated warnings and alerts directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

54.     The healthcare industry has experienced a large number of high-profile cyberattacks even in just the short period preceding the filing of this Complaint and cyberattacks, generally, have become increasingly more common. More healthcare data breaches were reported in 2020 than in any other year, showing a 25% increase.[7] Additionally, according to the HIPAA Journal, the largest healthcare data breaches have been reported in April 2021.[8]

55.     For example, Universal Health Services experienced a cyberattack on September 29, 2020 that appears similar to the attack on Defendants. As a result of this attack, Universal Health Services suffered a four-week outage of its systems which caused as much as $67 million in recovery costs and lost revenue.[9] Similarly, in 2021, Scripps Health suffered a cyberattack, an event which effectively shut down critical health care services for a month and left numerous

---

[7]     https://www.hipaajournal.com/2020-healthcare-data-breach-report-us/ (last accessed November 5, 2021).
[8]     https://www.hipaajournal.com/april-2021-healthcare-data-breach-report/ (last accessed November 5, 2021).
[9]     https://ir.uhsinc.com/news-releases/news-release-details/universal-health-services-inc-reports-2020-fourth-quarter-and (last accessed November 5, 2021).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

patients unable to speak to its physicians or access vital medical and prescription records.[10] A few months later, University of San Diego Health suffered a similar attack.[11]

56.     Due to the high-profile nature of these breaches, and other breaches of its kind, Defendants were and/or certainly should have been on notice and aware of such attacks occurring in the healthcare industry and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendants are large, sophisticated operations with the resources to put adequate data security protocols in place.

57.     Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendants failed to take appropriate steps to protect Representative Plaintiff's and Class Members' PHI/PII and financial information from being compromised.

**Defendants Had an Obligation to Protect the Stolen Information**

58.     Defendants' failure to adequately secure Representative Plaintiff's and Class Members' sensitive data breaches duties they owe Representative Plaintiff and Class Members under statutory and common law. Under HIPAA, health insurance providers have an affirmative duty to keep patients' Protected Health Information private. As covered entities, Defendants have a statutory duty under HIPAA and other federal and state statutes to safeguard Representative Plaintiff's and Class Members' data. Moreover, Representative Plaintiff and Class Members surrendered their highly sensitive personal data to Defendants under the implied condition that Defendants would keep it private and secure. Accordingly, Defendants also have an implied duty to safeguard their data, independent of any statute.

59.     Because Defendants are covered by HIPAA (45 C.F.R. § 160.102), they are required to comply with the HIPAA Privacy Rule, 45 C.F.R. Part 160 and Part 164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"), and Security Rule

---

[10]  https://www.nbcsandiego.com/news/local/scripps-health-employees-regaining-access-to-internal-systems-hit-by-cyberattack-2/2619540/ (last accessed November 5, 2021).
[11]  https://www.nbcsandiego.com/news/local/data-breach-at-uc-san-diego-health-some-employee-email-accounts-impacted/2670302/ (last accessed November 5, 2021).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

("Security Standards for the Protection of Electronic Protected Health Information"), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

60.     HIPAA's Privacy Rule or Standards for Privacy of Individually Identifiable Health Information establishes national standards for the protection of health information.

61.     HIPAA's Privacy Rule or Security Standards for the Protection of Electronic Protected Health Information establishes a national set of security standards for protecting health information that is kept or transferred in electronic form.

62.     HIPAA requires Defendants to "comply with the applicable standards, implementation specifications, and requirements" of HIPAA "with respect to electronic protected health information." 45 C.F.R. § 164.302.

63.     "Electronic protected health information" is "individually identifiable health information … that is (i) transmitted by electronic media; maintained in electronic media." 45 C.F.R. § 160.103.

64.     HIPAA's Security Rule requires Defendants to do the following:

   a. Ensure the confidentiality, integrity, and availability of all electronic protected health information the covered entity or business associate creates, receives, maintains, or transmits;

   b. Protect against any reasonably anticipated threats or hazards to the security or integrity of such information;

   c. Protect against any reasonably anticipated uses or disclosures of such information that are not permitted; and

   d. Ensure compliance by their workforce.

65.     HIPAA also requires Defendants to "review and modify the security measures implemented … as needed to continue provision of reasonable and appropriate protection of electronic protected health information" under 45 C.F.R. § 164.306(e), and to "[i]mplement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights." 45 C.F.R. § 164.312(a)(1).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

66.     Moreover, the HIPAA Breach Notification Rule, 45 C.F.R. §§ 164.400-414, requires Defendants to provide notice of the Data Breach to each affected individual "without unreasonable delay and in no case later than 60 days following discovery of the breach."

67.     Defendants were also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

68.     In addition to their obligations under federal and state laws, Defendants owed a duty to Representative Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PHI/PII and financial information in Defendants' possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendants owed a duty to Representative Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that their computer systems, networks, and protocols adequately protected the PHI/PII and financial information of Representative Plaintiff and Class Members.

69.     Defendants owed a duty to Representative Plaintiff and Class Members to design, maintain, and test their computer systems, servers and networks to ensure that the PHI/PII and financial information in their possession was adequately secured and protected.

70.     Defendants owed a duty to Representative Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect the PHI/PII and financial information in their possession, including not sharing information with other entities who maintained sub-standard data security systems.

71.     Defendants owed a duty to Representative Plaintiff and Class Members to implement processes that would immediately detect a breach on their data security systems in a timely manner.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

72.     Defendants owed a duty to Representative Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

73.     Defendants owed a duty to Representative Plaintiff and Class Members to disclose if their computer systems and data security practices were inadequate to safeguard individuals' PHI/PII and/or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PHI/PII and/or financial information to Defendants.

74.     Defendants owed a duty of care to Representative Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

75.     Defendants owed a duty to Representative Plaintiff and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity in order to identity possible threats.

**Value of the Relevant Sensitive Information**

76.     While the greater efficiency of electronic health records translates to cost savings for providers, it also comes with the risk of privacy breaches. These electronic health records contain a plethora of sensitive information (e.g., patient data, patient diagnosis, lab results, RX's, treatment plans) that is valuable to cyber criminals. One patient's complete record can be sold for hundreds of dollars on the dark web. As such, PHI/PII and financial information are valuable commodities for which a "cyber black market" exists in which criminals openly post stolen payment card numbers, Social Security numbers, and other personal information on a number of underground internet websites. Unsurprisingly, the healthcare industry is at high risk for and acutely affected by cyberattacks.

77.     The high value of PHI/PII and financial information to criminals is further evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[12] Experian reports

---

[12]   *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed July 28, 2021).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[13] Criminals can also purchase access to entire company data breaches from $999 to $4,995.[14]

78. Between 2005 and 2019, at least 249 million people were affected by health care data breaches.[15] Indeed, during 2019 alone, over 41 million healthcare records were exposed, stolen, or unlawfully disclosed in 505 data breaches.[16] In short, these sorts of data breaches are increasingly common, especially among healthcare systems, which account for 30.03% of overall health data breaches, according to cybersecurity firm Tenable.[17]

79. These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiff and Class Members. For example, it is believed that certain PHI/PII compromised in the 2017 Experian data breach was being used, three years later, by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiff and Class Members for the rest of their lives. They will need to remain constantly vigilant.

80. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

---

[13] *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed November 5, 2021).
[14] *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed January 21, 2022).
[15] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7349636/#B5-healthcare-08-00133 (last accessed January 21, 2022).
[16] https://www.hipaajournal.com/december-2019-healthcare-data-breach-report/ (last accessed January 21, 2022).
[17] https://www.tenable.com/blog/healthcare-security-ransomware-plays-a-prominent-role-in-covid-19-era-breaches (last accessed January 21, 2022).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

81.     Identity thieves can use PHI/PII and financial information, such as that of Representative Plaintiff and Class Members which Defendants failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

82.     The ramifications of Defendants' failure to keep secure Representative Plaintiff's and Class Members' PHI/PII and financial information are long lasting and severe. Once PHI/PII and financial information is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, the PHI/PII and/or financial information of Representative Plaintiff and Class Members was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the PHI/PII and/or financial information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

83.     There may be a time lag between when harm occurs versus when it is discovered, and also between when PHI/PII and/or financial information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[18]

84.     The harm to Representative Plaintiff and Class Members is especially acute given the nature of the leaked data. Medical identity theft is one of the most common, most expensive, and most difficult-to-prevent forms of identity theft. According to Kaiser Health News, "medical-

---

[18]  *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* http://www.gao.gov/new.items/d07737.pdf (last accessed January 21, 2022).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1  related identity theft accounted for 43 percent of all identity thefts reported in the United States in

2  2013," which is more than identity thefts involving banking and finance, the government and the

3  military, or education.[19]

4       85.   "Medical identity theft is a growing and dangerous crime that leaves their victims

5  with little to no recourse for recovery," reported Pam Dixon, executive director of World Privacy

6  Forum. "Victims often experience financial repercussions and worse yet, they frequently discover

7  erroneous information has been added to their personal medical files due to the thief's activities."[20]

8       86.   If cyber criminals manage to access financial information, health insurance

9  information and other personally sensitive data—as they did here—there is no limit to the amount

10  of fraud to which Defendants may have exposed Representative Plaintiff and Class Members.

11       87.   A study by Experian found that the average total cost of medical identity theft is

12  "about $20,000" per incident, and that a majority of victims of medical identity theft were forced

13  to pay out-of-pocket costs for healthcare they did not receive in order to restore coverage.[21] Almost

14  half of medical identity theft victims lose their healthcare coverage as a result of the incident, while

15  nearly one-third saw their insurance premiums rise, and forty percent were never able to resolve

16  their identity theft at all.[22]

17       88.   And data breaches are preventable.[23] As Lucy Thompson wrote in the DATA

18  BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could

19  have been prevented by proper planning and the correct design and implementation of appropriate

20  security solutions."[24] She added that "[o]rganizations that collect, use, store, and share sensitive

21

22

23  [19]  Michael Ollove, "The Rise of Medical Identity Theft in Healthcare," Kaiser Health News,
Feb. 7, 2014, https://khn.org/news/rise-of-indentity-theft/ (last accessed January 21, 2022).

24  [20]  *Id.*
[21]  See Elinor Mills, "Study: Medical Identity Theft is Costly for Victims," CNET (Mar, 3,

25  2010), https://www.cnet.com/news/study-medical-identity-theft-is-costly-for-victims/ (last
accessed January 21, 2022).

26  [22]  Id.; see also Healthcare Data Breach: What to Know About them and What to Do After One,
EXPERIAN, https://www.experian.com/blogs/ask-experian/healthcare-data-breach-what-to-

27  know-about-them-and-what-to-do-after-one/ (last accessed January 21, 2022).
[23]  Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in*

28  DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)
[24]  *Id.* at 17.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   personal data must accept responsibility for protecting the information and ensuring that it is not

2   compromised . . . ."[25]

3      89.    Most of the reported data breaches are a result of lax security and the failure to

4   create or enforce appropriate security policies, rules, and procedures … Appropriate information

5   security controls, including encryption, must be implemented and enforced in a rigorous and

6   disciplined manner so that a *data breach never occurs*."[26]

7      90.    Here, Defendants knew of the importance of safeguarding PHI/PII and financial

8   information and of the foreseeable consequences that would occur if Representative Plaintiff's and

9   Class Members' PHI/PII and financial information was stolen, including the significant costs that

10  would be placed on Representative Plaintiff and Class Members as a result of a breach of this

11  magnitude. As detailed above, Defendants are large, sophisticated organizations with the resources

12  to deploy robust cybersecurity protocols. They knew, or should have known, that the development

13  and use of such protocols were necessary to fulfill their statutory and common law duties to

14  Representative Plaintiff and Class Members. Their failure to do so is, therefore, intentional, willful,

15  reckless and/or grossly negligent.

16     91.    Defendants disregarded the rights of Representative Plaintiff and Class Members

17  by, *inter alia*, (i) intentionally, willfully, recklessly, or negligently failing to take adequate and

18  reasonable measures to ensure that their network servers were protected against unauthorized

19  intrusions; (ii) failing to disclose that they did not have adequately robust security protocols and

20  training practices in place to adequately safeguard Representative Plaintiff's and Class Members'

21  PHI/PII and/or financial information; (iii) failing to take standard and reasonably available steps

22  to prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an

23  unreasonable duration of time; and (v) failing to provide Representative Plaintiff and Class

24  Members prompt and accurate notice of the Data Breach.

25

26

27

28  [25] *Id.* at 28.
    [26] *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

### FIRST CLAIM FOR RELIEF
### Negligence
### (On behalf of the Nationwide Class)

92.     Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

93.     At all times herein relevant, Defendants owed Representative Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PHI/PII and financial information and to use commercially reasonable methods to do so. Defendants took on this obligation upon accepting and storing the PHI/PII and financial information of Representative Plaintiff and Class Members in their computer systems and on their networks.

94.     Among these duties, Defendants were expected:

    a.    to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PHI/PII and financial information in their possession;

    b.    to protect Representative Plaintiff's and Class Members' PHI/PII and financial information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

    c.    to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

    d.    to promptly notify Representative Plaintiff and Class Members of any data breach, security incident, or intrusion that affected or may have affected their PHI/PII and financial information.

95.     Defendants knew that the PHI/PII and financial information was private and confidential and should be protected as private and confidential and, thus, Defendants owed a duty of care not to subject Representative Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

96.     Defendants knew, or should have known, of the risks inherent in collecting and storing PHI/PII and financial information, the vulnerabilities of their data security systems, and the importance of adequate security. Defendants knew about numerous, well-publicized data breaches.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

97.     Defendants knew, or should have known, that their data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PHI/PII and financial information.

98.     Only Defendants were in the position to ensure that their systems and protocols were sufficient to protect the PHI/PII and financial information that Representative Plaintiff and Class Members had entrusted to it.

99.     Defendants breached their duties to Representative Plaintiff and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PHI/PII and financial information of Representative Plaintiff and Class Members.

100.    Because Defendants knew that a breach of their systems could damage thousands of individuals, including Representative Plaintiff and Class Members, Defendants had a duty to adequately protect their data systems and the PHI/PII and financial information contained thereon.

101.    Representative Plaintiff's and Class Members' willingness to entrust Defendants with their PHI/PII and financial information was predicated on the understanding that Defendants would take adequate security precautions. Moreover, only Defendants had the ability to protect their systems and the PHI/PII and financial information they stored on them from attack. Thus, Defendants had a special relationship with Representative Plaintiff and Class Members.

102.    Defendants also had independent duties under state and federal laws that required Defendants to reasonably safeguard Representative Plaintiff's and Class Members' PHI/PII and financial information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between Defendants and Representative Plaintiff and/or the remaining Class Members.

103.    Defendants breached their general duty of care to Representative Plaintiff and Class Members in, but not necessarily limited to, the following ways:

> a.      by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PHI/PII and financial information of Representative Plaintiff and Class Members;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

b.  by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PHI/PII and financial information had been improperly acquired or accessed;

c.  by failing to adequately protect and safeguard the PHI/PII and financial information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PHI/PII and financial information;

d.  by failing to provide adequate supervision and oversight of the PHI/PII and financial information with which they were and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PHI/PII and financial information of Representative Plaintiff and Class Members, misuse the PHI/PII and intentionally disclose it to others without consent.

e.  by failing to adequately train their employees to not store PHI/PII and financial information longer than absolutely necessary;

f.  by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PHI/PII and financial information;

g.  by failing to implement processes to quickly detect data breaches, security incidents, or intrusions; and

h.  by failing to encrypt Representative Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity in order to identify possible threats.

104.  Defendants' willful failure to abide by these duties was wrongful, reckless and grossly negligent in light of the foreseeable risks and known threats.

105.  As a proximate and foreseeable result of Defendants' grossly negligent conduct, Representative Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

106.  The law further imposes an affirmative duty on Defendants to timely disclose the unauthorized access and theft of the PHI/PII and financial information to Representative Plaintiff and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PHI/PII and financial information.

107.  Defendants breached their duty to notify Representative Plaintiff and Class Members of the unauthorized access by waiting months after learning of the Data Breach to notify

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

Representative Plaintiff and Class Members and then by failing and continuing to fail to provide Representative Plaintiff and Class Members sufficient information regarding the breach. To date, Defendants have not provided sufficient information to Representative Plaintiff and Class Members regarding the extent of the unauthorized access and continue to breach their disclosure obligations to Representative Plaintiff and Class Members.

108. Further, through their failure to provide timely and clear notification of the Data Breach to Representative Plaintiff and Class Members, Defendants prevented Representative Plaintiff and Class Members from taking meaningful, proactive steps to secure their PHI/PII and financial information, and to access their medical records and histories.

109. There is a close causal connection between Defendants' failure to implement security measures to protect the PHI/PII and financial information of Representative Plaintiff and Class Members and the harm suffered, or risk of imminent harm suffered by Representative Plaintiff and Class Members. Representative Plaintiff's and Class Members' PHI/PII and financial information was accessed as the proximate result of Defendants' failure to exercise reasonable care in safeguarding such PHI/PII and financial information by adopting, implementing, and maintaining appropriate security measures.

110. Defendants' wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

111. The damages Representative Plaintiff and Class Members have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defendants' grossly negligent conduct.

112. Additionally, 15 U.S.C. §45 (FTC Act, Section 5) prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect PHI/PII and financial information. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

113. Defendants violated 15 U.S.C. §45 by failing to use reasonable measures to protect PHI/PII and financial information and not complying with applicable industry standards, as

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-25-

described in detail herein. Defendants' conduct was particularly unreasonable given the nature and amount of PHI/PII and financial information it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiff and Class Members.

114.   Defendants' violation of 15 U.S.C. §45 constitutes negligence *per se.* Defendants also violated the HIPAA Privacy and Security rules which, likewise, constitutes negligence *per se*.

115.   As a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PHI/PII and financial information is used; (iii) the compromise, publication, and/or theft of their PHI/PII and financial information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PHI/PII and financial information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from embarrassment and identity theft; (vi) lost continuity in relation to their healthcare; (vii) the continued risk to their PHI/PII and financial information, which may remain in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect Representative Plaintiff's and Class Members' PHI/PII and financial information in their continued possession; and (viii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PHI/PII and financial information compromised as a result of the Data Breach for the remainder of the lives of Representative Plaintiff and Class Members.

116.   As a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

117.    Additionally, as a direct and proximate result of Defendants' negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer the continued risks of exposure of their PHI/PII and financial information, which remain in Defendants' possession and are subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the PHI/PII and financial information in their continued possession.

<div align="center">

**SECOND CLAIM FOR RELIEF**
**Confidentiality of Medical Information Act**
**(Cal. Civ. Code §56, *et seq.*)**
**(On behalf of the California Subclass)**

</div>

118.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

119.    Under California Civil Code §56.06, Defendants are deemed a "provider of health care, health care service plan, or contractor" and are, therefore, subject to the CMIA, California Civil Code §§ 56.10(a), (d) (e), 56.36(b), 56.101(a) and (b).

120.    Under the CMIA, California Civil Code §56.05(k), Representative Plaintiff and California Subclass Members (except employees of Defendants whose records may have been accessed) are deemed "patients."

121.    As defined in the CMIA, California Civil Code §56.05(j), Defendants disclosed "medical information" to unauthorized persons without obtaining consent, in violation of §56.10(a). Defendants' misconduct, including their failure to adequately detect, protect, and prevent unauthorized disclosure, directly resulted in the unauthorized disclosure of Representative Plaintiff's and California Subclass Members' PHI/PII and financial information to unauthorized persons.

122.    Defendants' misconduct, including protecting and preserving the confidential integrity of their patients'/customers' PHI/PII and financial information, resulted in unauthorized disclosure of sensitive and confidential PII that belongs to Representative Plaintiff and California Subclass Members to unauthorized persons, breaching the confidentiality of that information, thereby violating California Civil Code §§ 56.06 and 56.101(a).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

123. Unauthorized persons viewed Representative Plaintiff's and Class Members' protected medical information stored by Defendants and accessed in the data breach.

124. Representative Plaintiff and California Subclass Members have all been and continue to be harmed as a direct, foreseeable and proximate result of Defendants' breach because Representative Plaintiff and California Subclass Members face, now and in the future, an imminent threat of identity theft, fraud and for ransom demands. They must now spend time, effort and money to constantly monitor their accounts and credit to surveille for any fraudulent activity.

125. Representative Plaintiff and California Subclass Members were injured and have suffered damages, as described above, from Defendants' illegal disclosure and negligent release of their PHI/PII and financial information in violation of Cal. Civ. Code §§ 56.10 and 56.101 and, therefore, seek relief under Civ. Code §§ 56.35 and 56.36, including actual damages, nominal statutory damages of $1,000, punitive damages of $3,000, injunctive relief, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**Invasion of Privacy**
**(On behalf of the Nationwide Class)**

126. Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

127. Representative Plaintiff and Class Members had a legitimate expectation of privacy to their PHI/PII and financial information and were entitled to the protection of this information against disclosure to unauthorized third-parties.

128. Defendants owed a duty to Representative Plaintiff and Class Members to keep their PHI/PII and financial information confidential.

129. Defendants failed to protect and released to unknown and unauthorized third-parties the PHI/PII and financial information of Representative Plaintiff and Class Members.

130. Defendants allowed unauthorized and unknown third-parties access to and examination of the PHI/PII and financial information of Representative Plaintiff and Class Members, by way of Defendants' failure to protect the PHI/PII and financial information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

131.     The unauthorized release to, custody of, and examination by unauthorized third-parties of the PHI/PII and financial information of Representative Plaintiff and Class Members is highly offensive to a reasonable person.

132.     The unauthorized intrusion was into a place or thing which was private and is entitled to be private. Representative Plaintiff and Class Members disclosed their PHI/PII and financial information to Defendants as part of obtaining services from Defendants, but privately with an intention that the PHI/PII and financial information would be kept confidential and would be protected from unauthorized disclosure. Representative Plaintiff and Class Members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

133.     The Data Breach constitutes an intentional interference with Representative Plaintiff's and Class Members' interests in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

134.     Defendants acted with a knowing state of mind when they permitted the Data Breach to occur because it was with actual knowledge that their information security practices were inadequate and insufficient.

135.     Because Defendants acted with this knowing state of mind, they had notice and knew the inadequate and insufficient information security practices would cause injury and harm to Representative Plaintiff and Class Members.

136.     As a proximate result of the above acts and omissions of Defendants, the PHI/PII and financial information of Representative Plaintiff and Class Members was disclosed to third-parties without authorization, causing Representative Plaintiff and Class Members to suffer damages.

137.     Unless and until enjoined, and restrained by order of this Court, Defendants' wrongful conduct will continue to cause great and irreparable injury to Representative Plaintiff and Class Members in that the PHI/PII and financial information maintained by Defendants can be viewed, distributed, and used by unauthorized persons for years to come. Representative Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1  for monetary damages will not end the invasion of privacy for Representative Plaintiff and/or Class

2  Members.

3

4  <center>**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Contract**</center>

5  <center>**(On behalf of the Nationwide Class)**</center>

6      138.  Each and every allegation of the Preceding paragraphs is incorporated in this cause

7  of action with the same force and effect as though fully set forth herein.

8      139.  Through their course of conduct, Defendants, Representative Plaintiff, and Class

9  Members entered into implied contracts for Defendants to implement data security adequate to

10  safeguard and protect the privacy of Representative Plaintiff's and Class Members' PHI/PII and

11  financial information.

12      140.  Defendants required Representative Plaintiff and Class Members to provide and

13  entrust their information, including health and financial information.

14      141.  Defendants solicited and invited Representative Plaintiff and Class Members to

15  provide their PHI/PII and financial information as part of Defendants' regular business practices.

16  Representative Plaintiff and Class Members accepted Defendants' offers and provided their

17  PHI/PII and financial information to Defendants.

18      142.  As a condition of being direct customers/patients of Defendants, Representative

19  Plaintiff, and Class Members provided and entrusted their PHI/PII and financial information to

20  Defendants. In so doing, Representative Plaintiff and Class Members entered into implied

21  contracts with Defendants by which Defendants agreed to safeguard and protect such non-public

22  information, to keep such information secure and confidential, and to timely and accurately notify

23  Representative Plaintiff and Class Members if their data had been breached and compromised or

24  stolen.

25      143.  A meeting of the minds occurred when Representative Plaintiff and Class Members

26  agreed to, and did, provide their PHI/PII and financial information to Defendants, in exchange for,

27  amountst other things, the protection of their PHI/PII and financial information.

28

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

144.     Representative Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant.

145.     Defendants breached the implied contracts they made with Representative Plaintiff and Class Members by failing to safeguard and protect their PHI/PII and financial information and by failing to provide timely and accurate notice to them that their PHI/PII and financial information was compromised as a result of the Data Breach.

146.     As a direct and proximate result of Defendants' above-described breach of implied contract, Representative Plaintiff and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data; (d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other economic and non-economic harm.

**FIFTH CLAIM FOR RELIEF**
**Unfair Business Practices**
**(Cal. Bus. & Prof. Code, §17200, *et seq*.)**
**(On behalf of the California Subclass)**

147.     Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

148.     Representative Plaintiff and California Subclass Members further bring this cause of action, seeking equitable and statutory relief to stop the misconduct of Defendants, as complained of herein.

149.     Defendants have engaged in unfair competition within the meaning of California Business & Professions Code §§17200, *et seq.*, because Defendants' conduct is unlawful, unfair, and/or fraudulent, as herein alleged.

150.     Representative Plaintiff, the California Subclass Members, and Defendants are each a "person" or "persons" within the meaning of § 17201 of the California Unfair Competition Law ("UCL").

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

151.    The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein, including HIPAA. Such violations include, but are not necessarily limited to:

> a.    failure to maintain adequate computer systems and data security practices to safeguard PHI/PII and financial information;
>
> b.    failure to disclose that their computer systems and data security practices were inadequate to safeguard PHI/PII and financial information from theft;
>
> c.    failure to timely and accurately disclose the Data Breach to Representative Plaintiff and California Subclass Members;
>
> d.    continued acceptance of PHI/PII and financial information and storage of other personal information after Defendants knew or should have known of the security vulnerabilities of the systems that were exploited in the Data Breach; and
>
> e.    continued acceptance of PHI/PII and financial information and storage of other personal information after Defendants knew or should have known of the Data Breach and before they allegedly remediated the Data Breach.

152.    Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard the PHI/PII and financial information of Representative Plaintiff and California Subclass Members, deter hackers, and detect a breach within a reasonable time and that the risk of a data breach was highly likely.

153.    In engaging in these unlawful business practices, Defendants have enjoyed an advantage over their competition and a resultant disadvantage to the public and California Subclass Members.

154.    Defendants' knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

155.    Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and California

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   Subclass Members herein alleged, as incidental to their business operations, rather than accept the

2   alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne

3   by responsible competitors of Defendants and as set forth in legislation and the judicial record.

4         156.    The UCL is, by their express terms, a cumulative remedy, such that remedies under

5   their provisions can be awarded in addition to those provided under separate statutory schemes

6   and/or common law remedies, such as those alleged in the other causes of action of this Complaint.

7   *See* Cal. Bus. & Prof. Code § 17205.

8         157.    Representative Plaintiff and California Subclass Members request that this Court

9   enter such orders or judgments as may be necessary to enjoin Defendants from continuing their

10   unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiff and

11   California Subclass Members any money Defendants acquired by unfair competition, including

12   restitution and/or equitable relief, including disgorgement or ill-gotten gains, refunds of moneys,

13   interest, reasonable attorneys' fees, and the costs of prosecuting this class action, as well as any and

14   all other relief that may be available at law or equity.

15

16   **SIXTH CLAIM FOR RELIEF**
**Unjust Enrichment**
17   **(On behalf of the Nationwide Class)**

18         158.    Each and every allegation of the preceding paragraphs is incorporated in this cause

19   of action with the same force and effect as though fully set forth herein.

20         159.    By their wrongful acts and omissions described herein, Defendants have obtained a

21   benefit by unduly taking advantage of Representative Plaintiff and Class Members.

22         160.    Defendants, prior to and at the time Representative Plaintiff and Class Members

23   entrusted their PHI/PII and financial information to Defendants for the purpose of obtaining health

24   services, caused Representative Plaintiff and Class Members to reasonably believe that Defendants

25   would keep such PHI/PII and financial information secure.

26         161.    Defendants were aware, or should have been aware, that reasonable patients and

27   consumers would have wanted their PHI/PII and financial information kept secure and would not

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-33-

1    have contracted with Defendants, directly or indirectly, had they known that Defendants'
2    information systems were sub-standard for that purpose.

3         162.    Defendants were also aware that, if the substandard condition of and vulnerabilities
4    in their information systems were disclosed, it would negatively affect Representative Plaintiff's
5    and Class Members' decisions to seek services therefrom.

6         163.    Defendants failed to disclose facts pertaining to their substandard information
7    systems, defects, and vulnerabilities therein before Representative Plaintiff and Class Members
8    made their decision to make purchases, engage in commerce therewith, and seek services or
9    information. Instead, Defendants suppressed and concealed such information. By concealing and
10   suppressing that information, Defendants denied Representative Plaintiff and Class Members the
11   ability to make a rational and informed purchasing and health care decision and took undue
12   advantage of Representative Plaintiff and Class Members.

13        164.    Defendants were unjustly enriched at the expense of Representative Plaintiff and
14   Class Members. Defendants received profits, benefits, and compensation, in part, at the expense of
15   Representative Plaintiff and Class Members.  By contrast, Representative Plaintiff and Class
16   Members did not receive the benefit of their bargain because they paid for products and/or health
17   care services that did not satisfy the purposes for which they bought/sought them.

18        165.    Since Defendants' profits, benefits, and other compensation were obtained by
19   improper means, Defendants are not legally or equitably entitled to retain any of the benefits,
20   compensation or profits they realized from these transactions.

21        166.    Representative Plaintiff and Class Members seek an Order of this Court requiring
22   Defendants to refund, disgorge, and pay as restitution any profits, benefits, and/or other
23   compensation obtained by Defendants from their wrongful conduct and/or the establishment of
24   a constructive trust from which Representative Plaintiff and Class Members may seek restitution.

25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-34-

**RELIEF SOUGHT**

**WHEREFORE,** Representative Plaintiff, on behalf of herself and each member of the proposed National Class and the California Subclass, respectfully requests that the Court enter judgment in their favor and for the following specific relief against Defendants as follows:

1. That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel as Class Counsel;

2. For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

3. That the Court enjoin Defendant, ordering them to cease and desist from unlawful activities in further violation of California Business and Professions Code §17200, *et seq*.;

4. For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and Class Members' PII/PHI, and from refusing to issue prompt, complete, any accurate disclosures to Representative Plaintiff and Class Members;

5. For injunctive relief requested by Representative Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiff and Class Members, including but not limited to an Order:

    a. prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

    b. requiring Defendants to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

    c. requiring Defendants to delete and purge the PII/PHI of Representative Plaintiff and Class Members unless Defendants can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiff and Class Members;

    d. requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PII/PHI;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

e. requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis;

f. prohibiting Defendants from maintaining Representative Plaintiff's and Class Members' PII/PHI on a cloud-based database;

g. requiring Defendants to segment data by creating firewalls and access controls so that, if one area of Defendants' network is compromised, hackers cannot gain access to other portions of Defendants' systems;

h. requiring Defendants to conduct regular database scanning and securing checks;

i. requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PII/PHI, as well as protecting the PII/PHI of Representative Plaintiff and Class Members;

j. requiring Defendants to implement a system of tests to assess their respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendants' policies, programs, and systems for protecting personal identifying information;

k. requiring Defendants to implement, maintain, review, and revise as necessary a threat management program to appropriately monitor Defendants' networks for internal and external threats, and assess whether monitoring tools are properly configured, tested, and updated;

l. requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6. For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7. For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

8. For all other Orders, findings, and determinations identified and sought in this Complaint.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-36-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1

## JURY DEMAND

2   Representative Plaintiff, individually and on behalf of the Plaintiff Class(es) and/or

3 Subclass(es), hereby demands a trial by jury for all issues triable by jury.

4

5 Dated: July 5, 2022       **COLE & VAN NOTE**

6

7         By: */s/ Cody A. Bolce*

8           Cody A. Bolce, Esq.
            Attorneys for Representative Plaintiff

9           and the Plaintiff Class(es)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-37-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF